**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                                                        DECISION AND ORDER
vs.                                                      04-CR-6136 CJS

ODIS SMITH,

                    Defendant.
_____

**INTRODUCTION**

On February 6, 2007, the defendant,  Odis Smith,  appeared before the Court

and  pled guilty,  pursuant to a written plea agreement, to two charges: Possession of a

Firearm in Furtherance of a Drug Trafficking Crime, and Possession with Intent to

Distribute and Distribution of 50 grams or more of Cocaine Base.  The matter is now

before the Court on the defendant's objection to  ¶ 44 of his Presentence Investigation

Report ("PSR"), dated April 5, 2007, which finds that he is a Career Offender. For the

reasons detailed below, the Court denies the defendant's objection and determines that

the defendant is a Career Offender.

**BACKGROUND**

The facts pertinent to the resolution of the defendant's objection are not in

dispute. The defendant's date of birth is March 13, 1980. On October 30, 1994, when

he was fourteen, the defendant  and another individual forcibly stole money from a clerk

at Hunter's Deli in Poughkeepsie, New York, at gunpoint, and on  November 3, 1994,

1

he was arrested in connection with the incident. The defendant was prosecuted pursuant to New York State Juvenile Offender Law in Dutchess County Court.  The Juvenile Offender Law allows for the prosecution, as adults, of persons who are 13, 14 and 15 years of age for certain specified crimes.  Subsequently, the defendant pled guilty to Robbery in the Second Degree in violation of New York State Penal Law § 160.10(2),[1] and on May 26, 1995, he was sentenced in Dutchess County Court to a term of imprisonment of 1 to 3 years and additionally was granted a youthful offender adjudication ("YO").  The defendant was committed to the custody of the New York State Division of Youth, and in June of 1995, he  was placed in the Taberg Secure Center, a  Division for Youth facility, where he remained until his release on parole on May 1, 1996.

Subsequently, on May 9, 1997, at John Marshall High School in the city of Rochester, New York, the defendant put a pistol to the neck of a sixteen year old student and forcibly stole $21.00, a gold chain, and a gold bracelet. The defendant was arrested the next day and eventually pled guilty to Robbery in the Second Degree in Monroe County Court. On July 9, 1997, he was sentenced, receiving a term of imprisonment within the New York State Department of Corrections of 2 ¼  to 4 ½ years.

As indicated above, the defendant pled to the subject charges pursuant to a written agreement. Paragraph 8 of the agreement states:

---

[1]This is the only section of Robbery in the Second Degree that, under New York law, is prosecutable in adult court as a juvenile offender offense.

The defendant acknowledges that he has the following convictions and corresponding sentences:

    a.    **Crime of Conviction**: Robbery in the First Degree (Youthful Offender)
Date of Conviction: May 26, 1995
Court of Conviction: Dutchess County Court, Poughkeepsie, New York
Sentence upon Conviction: 1 to 3 years (Division for Youth)

    b.    **Crime of Conviction**: Robbery in the Second Degree
Date of Conviction: 07/09/1997
Court of Conviction: Monroe County Court, Rochester, New York
Sentence upon Conviction: 27 to 54 months imprisonment

Paragraph 9 states:

Regarding Count II, it is the understanding and agreement of the government and the defendant that if the Court determines that the defendant is subject to sentencing as a "Career Offender" under Guidelines § 4B1.1, then Guidelines § 4B1.1(c)(2)(A) applies to the offense of conviction and provides for a base level of 37.

Finally, ¶ 11 of the agreement states:

The government maintains that, as a Career Offender, the defendant's criminal history category is VI. The defendant maintains that the defendant's criminal history category is III. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ANALYSIS

The defendant argues that his May 26, 1995 conviction as a juvenile offender for Robbery in the Second Degree, for which he received a youthful offender adjudication, should not be considered in deciding whether he qualifies for treatment as a Career Offender, while the government argues that it should. U.S.S.G § 4B1.1 defines a Career Offender as follows:

A defendant is a Career Offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Application Note # 1 to USSG § 4B1.2 explains that a:

"Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (*e.g.*, a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

Finally, USSG. § 4B1.2 states that:

"crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

There is no question that Robbery in the Second Degree in violation New York State

Penal Law § 160.10(2), meets the U.S.S.G. § 4B1.2(a) definition of crime of violence.[2]

First, New York State Penal Law § 160.00 states:

Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

---

[2]In fact, all the designated offenses under the New York Juvenile Offender Law (*see infra*) meet the § 4B1.2(a) definition.

1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

Second, New York State Penal Law § 160.10(2) reads:

A person is guilty of robbery in the second degree when he forcibly steals property and when:

2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

Moreover, there is no question that New York State has determined that a conviction of certain specified offenses, including Robbery in the Second Degree in violation of Penal Law § 16.10(2), should be considered an adult conviction,  even though the offense was committed by a fourteen-year-old.  In that regard, New York State Penal Law § 30.00 entitled "Infancy" in pertinent part reads:

2. A person thirteen, fourteen or fifteen years of age is criminally responsible for acts constituting murder in the second degree as defined in subdivisions one and two of section 125.25 and in subdivision three of such section provided that the underlying crime for the murder charge is one for which such person is criminally responsible or for such conduct as a sexually motivated felony, where authorized pursuant to section 130.91 of the penal law; and a person fourteen or fifteen years of age is criminally responsible for acts constituting the crimes defined in section 135.25 (kidnapping in the first degree); 150.20 (arson in the first degree); subdivisions one and two of section 120.10 (assault in the first degree); 125.20 (manslaughter in the first degree); subdivisions one and two of section 130.35 (rape in the first degree); subdivisions one and two of section 130.50 (criminal sexual act in the first degree); 130.70 (aggravated sexual abuse in the first degree);

5

140.30 (burglary in the first degree); subdivision one of section 140.25 (burglary in the second degree); 150.15 (arson in the second degree); 160.15 (robbery in the first degree); subdivision two of section 160.10 (robbery in the second degree) of this chapter; or section 265.03 of this chapter, where such machine gun or such firearm is possessed on school grounds, as that phrase is defined in subdivision fourteen of section 220.00 of this chapter; or defined in this chapter as an attempt to commit murder in the second degree or kidnapping in the first degree, or for such conduct as a sexually motivated felony, where authorized pursuant to section 130.91 of the penal law.

Furthermore, it is clear that, under federal law, the fact that an individual has been adjudicated a youthful offender, pursuant to New York State Criminal Procedure Law § 720.10,[3] does not automatically insulate the crime, for which the YO was

---

[3]§ 710.10 states:

Youthful offender procedure; definition of terms

As used in this article, the following terms have the following meanings:

1. "Youth" means a person charged with a crime alleged to have been committed when he was at least sixteen years old and less than nineteen years old or a person charged with being a juvenile offender as defined in subdivision forty-two of section 1.20 of this chapter.

2. "Eligible youth" means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless:

(a) the conviction to be replaced by a youthful offender finding is for (i) a class A-I or class A-II felony, or (ii) an armed felony as defined in subdivision forty-one of section 1.20, except as provided in subdivision three, or (iii) rape in the first degree, criminal sexual act in the first degree, or aggravated sexual abuse, except as provided in subdivision three, or

(b) such youth has previously been convicted and sentenced for a felony, or

(c) such youth has previously been adjudicated a youthful offender following conviction of a felony or has been adjudicated on or after September first, nineteen hundred seventy-eight a juvenile delinquent who committed a designated felony act as defined in the family court act.

3. Notwithstanding the provisions of subdivision two, a youth who has been

(continued...)

granted, from being counted toward a Career Offender determination. *United States v. Jones*, 415 F.3d 256 (2d Cir. 2005).

Nonetheless, the defendant maintains that his May 26, 1995, Robbery in the Second Degree conviction, for which he received a YO, should not be considered in determining whether he is a Career Offender. In this regard, the defendant essentially makes two arguments. First, he suggests that categorically a conviction as a juvenile offender, even where no YO is granted, should never be counted, since the treatment of juvenile offenders under New York law differs substantially from the prosecution of older youths.[4] Second, the defendant argues that, in addition to such general differences, his

---

[3](...continued)
convicted of an armed felony offense or of rape in the first degree, criminal sexual act in the first degree, or aggravated sexual abuse is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution. Where the court determines that the eligible youth is a youthful offender, the court shall make a statement on the record of the reasons for its determination, a transcript of which shall be forwarded to the state division of criminal justice services, to be kept in accordance with the provisions of subdivision three of section eight hundred thirty-seven-a of the executive law.

4. "Youthful offender finding" means a finding, substituted for the conviction of an eligible youth, pursuant to a determination that the eligible youth is a youthful offender.

5. "Youthful offender sentence" means the sentence imposed upon a youthful offender finding.

6. "Youthful offender adjudication". A youthful offender adjudication is comprised of a youthful offender finding and the youthful offender sentence imposed thereon and is completed by imposition and entry of the youthful offender sentence.

[4]Defendant's counsel took this position during oral argument when queried by the Court.

specific Robbery in the Second Degree conviction should not be counted, since he did in fact receive a YO, and since he served his entire sentence in a Division of Youth facility rather than a Department of Correction facility.[5] The Court disagrees with the defendant on both points.

In rejecting the defendant's categorical argument, the Court need look no further than New York Penal Law § 60.10, which reads:

> 1. When a juvenile offender is convicted of a crime, the court shall sentence the defendant to imprisonment in accordance with section 70.05 or sentence him upon a youthful offender finding in accordance with section 60.02 of this chapter.
>
> 2. Subdivision one of this section shall apply when sentencing a juvenile offender notwithstanding the provisions of any other law that deals with the authorized sentence for persons who are not juvenile offenders. Provided, however, that the limitation prescribed by this section shall not be deemed or construed to bar use of a conviction of a juvenile offender, other than a juvenile offender who has been adjudicated a youthful offender pursuant to section 720.20 of the criminal procedure law, as a previous or predicate felony offender under section 70.04, 70.06, 70.08 or 70.10, when sentencing a person who commits a felony after he has reached the age of sixteen.

Thus, New York directs the use of a prior juvenile offender conviction, where no YO has been granted, as a basis for enhanced sentencing, regardless of any differences in the treatment of juvenile offenders from older youths. Since under New York law, a prior juvenile offender conviction serves as a basis for the enhanced sentencing of a person over the age of sixteen, there is logically no reason why such conviction should not be utilized federally in determining whether someone over the age of eighteen is a Career Offender.

---

[5]Adult offenders in New York are committed to the New York State Department of Corrections to serve their terms of imprisonment.

Furthermore, the Court finds the defendant's second argument unpersuasive. In

*United States v. Jones*, *supra,* the Circuit stated:

> Instead, following the pragmatic approach set out in the previous cases, the
> *Cuello* Court reasoned that classification as an adult conviction under the
> laws of New York does not mean we look to whether New York calls it a
> conviction, but rather, that we look to the substance of the proceedings. *See
> id.* at 168. Accordingly, we held that the *Cuello* defendant's youthful offender
> adjudication was "classified" as an adult conviction under the laws of New
> York because the defendant "was indisputably tried and convicted in an adult
> forum, and ... served his sentence in an adult prison." *Id.* at 168-69. In
> conjunction with this holding, we again noted that the nature and purpose of
> New York's youthful offender statute indicate that a youthful offender
> adjudication does not eliminate defendant's culpability entirely, see id. at
> 167-68, and cited with approval a case from another circuit applying youthful
> offender adjudications to the Career Offender guideline, *id*. at 168 (citing
> *United States v. Pinion,* 4 F.3d 941 (11th Cir.1993)). It logically flows that our
> holding in *Cuello* should be applied to this case. Thus, Jones's 1993 youthful
> offender adjudications should be deemed "adult convictions" as Jones (1)
> pleaded guilty to both felony offenses in an adult forum and (2) received and
> served a sentence of over one year in an adult prison for each offense.

*United States v. Jones*, 415 F.3d at 263-64. Here*,* there can be no dispute that, with

respect to his May 26, 1995, Robbery in the Second Degree conviction, the defendant pled

guilty to a "crime of violence" felony in adult court, was adjudicated a youthful offender,

and received and served a sentence of over one year. The key point that distinguishes this

case from *Jones* is that here the defendant did not serve his sentence in an adult prison.

However, the Court finds that this fact, in and of itself, does not require that his Robbery

in the Second Degree conviction not be counted in deciding whether the defendant is a

Career Offender. The Circuit in *Jones* compared the use of a YO in the Career Offender

context to the use of a YO in the 21 U.S.C. § 841(b) context:

> Jones' s "analogous state law" argument is further undercut by our recent
> decision in *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004). Much
> like the Career Offender context which, as *Jones* argues, mandates

9

"minimum periods of imprisonment solely by virtue of the defendant's past felony convictions," Appellant's Br. at 13, *Sampson* involved mandatory minimum enhancements based solely on defendant's prior felony drug convictions under 21 U.S.C. § 841(b). 385 F.3d at 194. We held that the use of defendant's youthful offender adjudication for purposes of increasing defendant's statutory mandatory minimum was proper. Once again, we looked to the substantive consequence of the criminal proceeding underlying the youthful offender adjudication and found that it was a final conviction as defendant was tried and convicted in an adult court and served his sentence in an adult prison. *Id*. at 195.

Subsequent to *Sampson*, the Circuit, again addressing the use of a YO in connection with

§ 841(b), observed:

The record in this case does not indicate whether Jackson served his sentence in an adult institution. That does not keep us from reaching the logical conclusion that Jackson's youthful offender adjudication is a prior "felony drug offense" within Section 841(b). The record demonstrates that Jackson was [1] tried and convicted [2] in an adult court [3] of adult drug offenses [4] punishable by imprisonment for more than one year. N.Y. Penal Law § 70.00(2)(d) (Class D felony is punishable up to seven years).

Moreover, even had this been a close call, in which the location of Jackson's time served might tip the scales one way or the other, Jackson would not be entitled to vacatur of his sentence and a remand for resentencing. Jackson failed to present any evidence to the District Court as to where he served his youthful offender sentence, even though he had multiple opportunities and was best-situated to do so. Instead, Jackson left it to conjecture and argument, even though he was tried and convicted in an adult court. If Jackson had served his sentence in a juvenile facility, he had every incentive to offer evidence of this fact to the District Court. As we have noted previously, New York commits its youthful offenders to the custody of the Department of Correctional Services along with adult felony offenders. *See Cuello*, 357 F.3d at 166 (citing N.Y. Penal Law §§ 70.20, 60.02(2), 70.00(2)(e)).

*United States v. Jackson*,  504 F.3d 250, 253 (2d Cir. 2007). In our case, of course, unlike

*Jackson*, there is evidence in the record that the defendant served his sentence at a New

York Division of Youth facility as opposed to a New York Department of Correctional

Services facility, and based upon that fact, the defendant argues that this is a "close call"

10

and that the location of his time served should "tip the scales" in his favor.   Although

*Jackson* does not offer any guidance on what a  what a close call might be,  the Court

concludes that this case does not present a close call. In arriving at this conclusion the

Court is guided by the following language from *United States v. Driskell*, 277 F. 3d 150 (2d

Cir. 2002) where this Circuit observed:

> Like the Eleventh Circuit, the Ninth Circuit also probed the nature of the
> offense at issue rather than relied on the form of the prior sentence in issue
> in *United States v. Carrillo*, 991 F.2d 590 (1993). In that case, the court
> affirmed the district court's usage of the defendants' previous convictions for
> robbery, which they committed when they were seventeen years old, in
> determining whether they qualified as career criminal offenders pursuant to
> U.S.S.G. § 4B1.1. *Id.* Both defendants were tried as adults for their prior
> offense but were committed to the California Youth Authority for an
> indeterminate period that, in both cases, was scheduled to be greater than
> one year and one month. *Id.* at 591. Both defendants asserted that they did
> not receive "adult" sentences **because they were committed to the
> California Youth Authority and not to state prison**. **By reference to
> U.S.S.G. § 4A1.2(d), the Ninth Circuit found that the critical factor was
> whether the defendants received sentences (exceeding one year and
> one month) that were imposed following adult convictions. *Id.* at 593-94
> ("[T]he language and the structure of the Guidelines and commentary
> support the government's interpretation that an 'adult sentence' is any
> sentence imposed pursuant to an 'adult
> conviction.' ").**

*Id.* at  157-58 (emphasis added). The defendant here seems to making a similar argument

to the one that the Ninth Circuit rejected in *Carrillo*, which the Second Circuit cited with

apparent approval in *Driskell*.   In any event, but for a YO, New York Penal Law § 60.10,

as indicated above, directs that a juvenile offender conviction serves as the  basis for New

York's enhanced predicate felony sentencing provisions, regardless of the sentence

imposed[6] or where it is served. This along with the fact that a YO is not precluded from

---

[6]A defendant convicted of any of New York's designated juvenile offender offenses
(continued...)

consideration in a  Career Offender assessment, leads the Court to the decision that the

defendant's objection to the PSR must be denied and that the recommendation in ¶ 44 of

the PSR, that the defendant is a Career Offender, must be accepted.

## CONCLUSION

Accordingly, the defendant's objection to ¶ 44 of the PSR (Docket # 44) is denied,

and the Court determines that the defendant a Career Offender.

IT IS SO ORDERED.

Dated:        April 16, 2008
              Rochester, NY

ENTER.


/s/ Charles J. Siragusa_____
CHARLES J. SIRAGUSA
United States District Judge

---

[6](...continued)
could be sentenced to imprisonment  in excess of one year. New York Penal Law § 70.05.