UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ODIS LAMAR SMITH,                              **No. 6:04-CR-06136 (MAT)**
                                               **No. 6:16-CV-06024 (MAT)**
                        Movant,
            -vs-                               **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                        Respondent.
_____

## I. Introduction

On May 20, 2016, movant Odis Lamar Smith ("Smith"), a federal prisoner, moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and to hold the case in abeyance pending the Second Circuit Court of Appeals' authorization of a successive petition. Doc. 89. This Court ordered that the matter be held in abeyance, see doc. 90, and on July 21, 2016, the Second Circuit granted petitioner's motion to file a successive petition. Doc. 91.

Smith's challenge to his sentence is based on Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Smith was sentenced. The Second Circuit's order of July 21, 2016 directed that this matter be stayed pending the Supreme Court's decision in Beckles v. United States, No. 15-8544, which was expected to decide

the issue of Johnson's applicability to Guidelines cases. Beckles now having been decided, the Federal Public Defender, who has represented Smith on his successive § 2255 motion, now moves to withdraw as counsel.

**II. Discussion**

On March 6, 2017, the Supreme Court decided Beckles and held that Johnson's holding, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 894 (2017). Therefore, Smith's motion is directly affected by the outcome of Beckles. Accordingly, the Federal Public Defender has moved to withdraw from this case and the Court hereby grants that motion.

As discussed above, Smith was sentenced pursuant to the residual clause in the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a)(2). The Court is therefore constrained to find that, due to the holding of Beckles, Smith's § 2255 motion has been rendered meritless and it is therefore dismissed. See United States v. Flores, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [Beckles] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied.").

## III. Conclusion

The Federal Public Defender's motion to withdraw as counsel (doc. 95) is granted. Smith's motion to vacate his sentence (doc. 89) is denied. No certificate of appealability shall issue because Smith has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to close Case No. 6:16-CV-06024.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:  May 22, 2017
        Rochester, New York.